FILED
United States Court of Appeals
Tenth Circuit

April 17, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID WAYNE ROBINSON ,

    Plaintiff - Appellant,

v.

JARED POLIS,* Governor, individual and
official capacity; MICHAEL HANCOCK,
Mayor, individual and official capacity;
PHIL WEISER, Attorney General,
individual and official capacity; FRAN
GOMEZ, Sheriff, individual and official
capacity,

    Defendants - Appellees.

No. 19-1379
(D.C. No. 1:18-CV-01453-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

* Jared Polis, Colorado's current Governor, is substituted for Colorado's
former Governor, John Hickenlooper.

** After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Pro se state prisoner David Wayne Robinson appeals from the district court's dismissal of his 42 U.S.C. § 1983 amended complaint as frivolous. We dismiss his appeal as frivolous and deny him leave to proceed *in forma pauperis* ("*ifp*") on appeal. Further, because Mr. Robinson is subject to the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), we impose a strike under 28 U.S.C. § 1915(g).[1]

## I.  BACKGROUND

Mr. Robinson, a Colorado state prisoner, sued under § 1983 for alleged violations of his civil rights when he was a pre-trial detainee at the Denver Detention Facility ("DDF"). According to Mr. Robinson, because various state and local officials collected a $30 fee when he was booked into the DDF, they infringed (1) his due process rights, (2) the of separation of powers, and (3) his right to be free from cruel and unusual punishment.

The magistrate judge found Mr. Robinson's initial complaint was deficient and directed him to file an amended complaint within 30 days. When he failed to do so, the magistrate judge reviewed the original complaint under 28 U.S.C. § 1915(e)(2)(B)(i). He recommended dismissal with prejudice as legally frivolous because Mr. Robinson failed to plead factual allegations to support his claims.

---

[1] Because Mr. Robinson is proceeding pro se, we construe his filings liberally, but we do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Shortly thereafter, Mr. Robinson filed a belated amended complaint, explaining he had not received a copy of the magistrate judge's order to file an amended complaint until after the 30-day deadline expired. He asked the district court to accept the untimely complaint for filing. Mr. Robinson did not raise any substantive objections to the magistrate judge's recommendation. He argued only that the district court should accept his late-filed amended complaint, which the court read to contain only a due process claim.

The district court was "unconvinced" by Mr. Robinson's explanation as to why he failed to file a timely amended complaint. R. at 84. But the court determined that even if it "were to accept and consider the amended prisoner complaint . . . the action would still be dismissed" because the complaint "fails to assert factual allegations to support an arguable due process claim." *Id*. at 85. It dismissed Mr. Robinson's amended complaint with prejudice as legally frivolous and denied leave to proceed *ifp* on appeal.[2]

## II. **DISCUSSION**

### A. *Mr. Robinson's Claims*

We review a district court's order dismissing claims as frivolous under § 1915(e)(2)(B)(i) for an abuse of discretion. *See Fogel v. Pierson*, 435 F.3d 1252,

---

[2] On appeal, Mr. Robinson maintains he was not at fault for failing to file a timely amended complaint. Because the district court overlooked the untimely filing and reviewed the amended complaint, timeliness "has no bearing on the ultimate outcome of this case," and we will not address it on appeal. *Orr v. City of Albuquerque*, 417 F.3d 1144, 1154 (10th Cir. 2005).

1259 (10th Cir. 2006). If the district court based its frivolousness determination a legal determination, we review that issue de novo. *Id*.

1. **Separation of Powers and Cruel and Unusual Punishment**

The magistrate judge determined the original complaint failed to assert factual allegations to support the claims of separation of powers[3] or cruel and unusual punishment and recommended they be dismissed as legally frivolous. Although Mr. Robinson alludes to these claims in his brief, he has waived appellate review because he did not object to these findings and recommendations. "We have adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (brackets and internal quotation marks omitted). "The failure to timely object to a magistrate's recommendations waived appellate review of both factual and legal questions." *Id*. (internal quotation marks omitted). *See also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (finding a general objection insufficient to preserve appellate review of specific issues).

2. **Due Process**

The magistrate judge determined that "[i]n order to pursue a due process claim, [Mr. Robinson] must file an amended prisoner complaint that adequately alleges that the booking fee either deprived him of liberty or that he was entitled to a

---

[3] We are unaware of any authority, and Robinson has cited none, that the doctrine of separation of powers is a source of individual rights actionable under § 1983.

4

refund of the booking fee but the post-deprivation remedies are inadequate." R. at 54 (internal quotation marks omitted). In its review of the amended complaint, the district court found that Mr. Robinson "has not adequately asserted factual allegations to support a procedural due process claim for the same reasons as stated in [the magistrate judge's recommendation]. As a result, the only claim asserted in the amended prisoner complaint suffers from the same deficiencies as the initial complaint." *Id*. at 86.

On appeal, Mr. Robinson fails to address these deficiencies. Instead, he argues that "[t]here should have been no such deprivation . . . to begin with." Aplt. Opening Br. at 7. This perfunctory argument is insufficient to invoke this court's review. *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) ("[P]erfunctory" allegations of error that "fail to frame and develop an issue [are] [in]sufficient to invoke appellate review.").

## B. *Strike for Frivolousness*

The three-strikes provision, § 1915(g), states that after a prisoner files three civil "action[s] or appeal[s]" that are dismissed as "frivolous, malicious, or [for failure] to state a claim," he is no longer entitled to proceed *ifp* unless he is in "imminent danger of serious physical injury." A claim is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Mr. Robinson has filed three civil rights cases, including this one, related to his pre-trial detention at the DDF. All of them have produced § 1915(g) strikes, first in *Robinson v. Coffman,* No. 18-cv-01455-GPG, 2019 WL 8223565 (D. Colo. Mar. 7,

5

2019), and then in *Robinson v. Firman*, No. 18-cv-01494 (D. Colo. Feb. 21, 2019), which were both dismissed as frivolous. Strike three was assessed in this case when the district court dismissed the amended complaint as frivolous. *Robinson v. Hickenlooper*, No. 18-cv-01453 (D. Colo. Apr. 23, 2019).[4]

Mr. Robinson's brief simply reiterates his amended complaint's conclusory averments—namely, that the booking fee violates due process and is part of a corrupt scheme to collect money from pre-trial detainees. He does not address the district court's conclusion that his amended complaint was frivolous or attempt to demonstrate that his claims do not meet the § 1915(e)(2)(B)(i) standard for frivolity. We therefore assess the fourth strike here for a frivolous appeal.

## III. CONCLUSION

We dismiss Mr. Robinson's appeal as frivolous, deny his motion for *ifp* status, and impose a strike under the PLRA. We remind Mr. Robinson of his obligation to pay the filing fee in full.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[4] Although the district court's strike here was Robinson's third, we permitted him to proceed *ifp* in this appeal.